Filed 1/17/24  P. v. Perry CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE, | D081695 |
| Plaintiff and Respondent, |  |
| v. | (Super. Ct. No. SCD202276) |
| TYIERRE CHRISTIAN PERRY, |  |
| Defendant and Appellant. |  |

APPEAL from an order of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Felicity Senoski and Christine Levingston Bergman, Deputy Attorneys General for Plaintiff and Respondent.

INTRODUCTION

Tyierre Christian Perry appeals the order denying his Penal Code section 1172.6[1] petition for vacatur and resentencing on his 2010 first degree felony murder conviction. The trial court denied the petition without holding an evidentiary hearing, finding Perry was ineligible for relief as a matter of law because the record of conviction established he was the actual killer. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2006, Spencer Watts was fatally killed with a single gunshot wound to the back.[2] The autopsy showed the bullet entered Watts's back and traveled through his right lung and heart. The People charged Perry with Watts's murder.

At trial, the People introduced evidence that Watts drove his car to a parking lot, with his friend Keenan Wheeler in the front passenger seat, to sell Ecstasy pills. Perry and a second male entered the back seat of Watts's car. Watts handed Perry the pills and asked for payment. Perry took the pills but pulled out a gun. He then told his companion to go through Wheeler's pockets; the companion took $20 from Wheeler. When Perry tried to go through Watts's pockets, Watts resisted and put the car in reverse.

---

[1]    All further undesignated statutory references are to the Penal Code. Perry filed his petition under former section 1170.95. Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text. (Stats. 2022, ch. 58, § 10.) We refer to the statute throughout as section 1172.6.

[2]    The following summary of the factual and procedural background is taken from this court's unpublished opinion in *People v. Perry* (January 31, 2012, D057006) [nonpub. opn.] (*Perry*). We previously granted Perry's unopposed request for judicial notice of the record from that appeal.

Perry's companion jumped out of the car and told Perry, "Shoot him." Perry immediately fired one shot into Watts's back, got out of the car, and fled with his companion.

The jury convicted Perry of the first degree felony murder (§ 187, subd. (a)) and attempted robbery (§§ 664/211) of Watts. As to both offenses, the jury found Perry intentionally and personally discharged a firearm and proximately caused Watts's death (§ 12022.53, subd. (d)) ("section 12022.53(d)").[3] Perry was sentenced to a total term of 50 years to life for the murder conviction and the associated section 12022.53(d) enhancement.[4] We affirmed the judgment of convictions in *Perry, supra,* D057006.

In May 2022, Perry filed a pro se form petition to vacate his murder conviction and be resentenced pursuant to section 1172.6. He checked the boxes stating he was prosecuted under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory of imputed malice; he was convicted of murder following a trial; and he could not now be convicted of murder because of the legislative changes to sections

---

[3]    The jury also found true that Perry personally used a firearm (§ 12022.53, subd. (b)) and intentionally and personally discharged a firearm (§ 12022.53, subd. (c)) in the commission of the murder and attempted robbery of Watts. It acquitted Perry of the robbery of Watts (§ 211), while convicting him of the robbery of Wheeler (§ 211) and finding true the associated firearm allegations under section 12022.53, subdivisions (b) and (c).

[4]    The court imposed but stayed a two-year term on the attempted robbery of Watts pursuant to section 654. It also imposed a concurrent determinate term of 23 years for the robbery of Wheeler, consisting of three years on the robbery and 20 years on the associated section 12022.53, subdivision (c), enhancement.

3

188 and 189 made effective January 1, 2019. He also requested the appointment of counsel.

The People filed a response to the petition, asserting Perry was ineligible for resentencing as a matter of law because the jury convicted Perry of murder under the felony murder rule as the actual killer, not an accomplice, as evidenced by the jury's true finding on the section 12022.53(d) allegation.

Perry, now represented by the public defender, filed a reply to the People's response. The reply said nothing specific about Perry's case and was silent as to the People's argument he was ineligible for relief as the actual killer in a felony murder. Instead, the reply set forth a generalized discussion of the requirements for stating a prima facie case for relief under section 1172.6 and the People's burden of proof at an evidentiary hearing.

At the prima facie review hearing, the trial court agreed with the People that the record of conviction established Perry was the actual killer and denied Perry's petition for resentencing without issuing an order to show cause.

DISCUSSION

I.

*Section 1172.6*

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) altered the substantive law on accomplice liability for murder. First, it significantly narrowed the scope of California's felony murder rule by adding section 189, subdivision (e). (Stats. 2018, ch. 1015, § 3; see *People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*).) Section 189, subdivision (e), provides that a defendant is liable for felony murder only if he (1) *was the actual killer*; (2) was not the actual killer but, with the intent

4

to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (See *Strong*, at p. 708.)

Second, Senate Bill 1437 also amended section 188 to impose a new requirement that, *except in cases of felony murder*, a principal in the crime of murder can only be convicted where he acted "with malice aforethought," and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); see *People v. Curiel* (2023) 15 Cal.5th 433, 449 (*Curiel*).) "One effect of this requirement was to eliminate liability for murder as an aider and abettor under the natural and probable consequences doctrine." (*Curiel*, at p. 449.)

Third, Senate Bill 1437 established a procedure to allow defendants who could not have been convicted under current law to petition the sentencing court to vacate their murder conviction and resentence them on any remaining counts. (§ 1172.6, subd. (a); *Curiel, supra*, 15 Cal.5th at pp. 449–450.) A person convicted of murder must file a petition containing a declaration that all requirements for eligibility are met, including (1) "A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder[ or] murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ."; (2) "The petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder . . . ."; and (3) "The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)–(3).)

5

Upon receiving a petition that contains all the required information, the trial court must appoint counsel to represent the petitioner if one is requested. (§ 1172.6, subd. (b)(3); see *People v. Lewis* (2021) 11 Cal.5th 952, 963 (*Lewis*).) If, after the parties have had an opportunity to submit briefings, the court determines the petitioner has made a prima facie case for relief (§ 1172.6, subd. (c)), it must issue an order to show cause and conduct an evidentiary hearing (§ 1172.6, subds. (c) & (d)(1)).

This prima facie inquiry is "limited." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The trial court takes the petitioner's factual allegations as true and makes a preliminary assessment whether the petitioner would be entitled to relief if his factual allegations were proved. (*Ibid.*) In making this preliminary assessment, "the trial court may look at the record of conviction" to "distinguish petitions with potential merit from those that are clearly meritless" (*ibid.*), but it may not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion' " (*id.* at p. 972). " 'If the petition and record in the case establish *conclusively* that the [petitioner] is ineligible for relief, the trial court may dismiss the petition' " at the prima facie stage. (*Curiel, supra*, 15 Cal.5th at p. 450, italics added.) The record of conviction includes jury instructions, verdict forms, closing arguments and, in the appropriate case, prior appellate opinions in the case. (*People v. Jenkins* (2021) 70 Cal.App.5th 924, 935 (*Jenkins*); see *Lewis*, at pp. 971–972.)

II.

*Perry Is Ineligible for Relief as a Matter of Law*

Reviewing the appealed order de novo (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 (*Harden*)), we conclude the trial court properly denied Perry's section 1172.6 petition at the prima facie stage. The record of conviction *conclusively* establishes that Perry was convicted as the actual

6

killer in a felony murder. This makes him ineligible for resentencing as a matter of law. (§ 189, subd. (e)(1); *Strong*, *supra*, 13 Cal.5th at p. 710 ["Senate Bill 1437 relief is unavailable if the defendant was . . . the actual killer"]; *Harden*, at p. 53 ["defendants convicted of felony murder are not eligible for relief if they were the actual killer"].)

We begin our analysis with the jury instructions. The trial court instructed the jury on only one theory of murder: first degree felony murder. This is not in dispute. At the prima facie review hearing, counsel for Perry conceded: "I do agree this was a felony murder case." As to felony murder, the court gave both CALCRIM No. 540A,[5] which applies if the *defendant* committed the fatal act, and CALCRIM No. 540B,[6] which applies if an

---

[5] As given, CALCRIM No. 540A, entitled "Felony Murder: First Degree— *Defendant Allegedly Committed Fatal Act* (Pen. Code, § 189)" (italics added, boldface omitted) stated:

"The defendant is charged in Count 1 with murder, under a theory of felony murder.

"To prove that the defendant is guilty of first degree murder under this theory, the People must prove that:
1. The defendant committed Robbery or Attempted Robbery;
2. The defendant intended to commit Robbery or Attempted Robbery; AND
3. While committing Robbery or Attempted Robbery, the defendant did an act that caused the death of another person.

"A person may be guilty of felony murder even if the killing was unintentional, accidental, or negligent.

"To decide whether the defendant committed Robbery or Attempted Robbery, please refer to the separate instructions that I will give you on those crimes. You must apply those instructions when you decide whether the People have proved first degree murder under a theory of felony murder.

"It is not required that the person killed be the victim of the felonies."

[6] The CALCRIM No. 540B instruction, entitled "Felony Murder: First *Degrees—Coparticipant Allegedly Committed Fatal Act* (Pen. Code, § 189)" (italics added, boldface omitted) stated:

7

*accomplice* committed the fatal act during the commission of a felony which the defendant also committed or aided and abetted.[7]

The trial court also instructed the jury with CALCRIM No. 3149 on the section 12022.53(d) allegation.  The instruction informed the jury:  "If you

---

"The defendant may also be guilty of murder, under a theory of felony murder, even if another person did the act that resulted in the death.  I will call the other person the *perpetrator*.

"To prove that the defendant is guilty of first degree murder under this theory, the People must prove that:

1. The defendant committed, or aided and abetted Robbery or Attempted Robbery;
2. The defendant intended to commit, or intended to aid and abet the perpetrator in committing Robbery or Attempted Robbery;
3. If the defendant did not personally commit Robbery or Attempted Robbery, then a perpetrator, whom the defendant was aiding and abetting, personally committed Robbery or Attempted Robbery;
4. While committing Robbery or Attempted Robbery, the perpetrator did an act that caused the death of another person;
   AND
5. There was a logical connection between the act causing the death and the Robbery or Attempted Robbery.  The connection between the fatal act and the Robbery or Attempted Robbery must involve more than just their occurrence at the same time and place.

"A person may be guilty of felony murder even if the killing was unintentional, accidental, or negligent.

"To decide whether the defendant and the perpetrator committed Robbery or Attempted Robbery, please refer to the separate instructions that I will give you on those crimes.  To decide whether the defendant aided and abetted a crime, please refer to the separate instructions that I have given you on aiding and abetting.  You must apply those instructions when you decide whether the People have proved first degree murder under a theory of felony murder."

[7]     In connection with CALCRIM 540B and the underlying felony of robbery and attempted robbery, the jury was instructed with CALCRIM No. 400 Aiding and Abetting:  General Principles and CALCRIM No. 401 Aiding and Abetting:  Intended Crimes.

8

find the defendant guilty of the crimes charged in Counts 1 [Murder] and 2 [Robbery], or the lesser crime of Attempted Robbery, you must then decide whether, for each crime, the People have proved the additional allegation that the defendant personally and intentionally discharged a firearm during that crime *causing* death." (Italics added.) The instruction told the jury it could find the allegation true only if the People proved: (1) "The defendant personally discharged a firearm during the commission of that crime"; (2) "The defendant intended to discharge the firearm"; and (3) "*The defendant's act caused the death of a person.*" (Italics added.)

As instructed, the jury returned verdicts finding Perry guilty of "the crime of Felony Murder in the First Degree" of Watts and the crime of attempted robbery of Watts. The jury also found that in the commission of Watts's murder and attempted robbery, Perry "DID intentionally and personally discharge a firearm, to wit: a handgun, and proximately caused great bodily injury *and death*" to Watts within the meaning of section 12022.53(d). (Italics added.)

Although section 12022.53(d) requires only proximate causation[8] and not actual causation (*Lopez, supra,* 73 Cal.App.5th at p. 333), and proximately causing is not the same as personally inflicting harm (*Bland, supra,* 28 Cal.4th at pp. 335–336), the trial court did *not* instruct the jury on proximate causation. Indeed, the court did not include in CALCRIM No. 3149 the optional bracketed language that would have permitted the jury

---

[8] "A proximate cause of great bodily injury ' "is an act . . . that sets in motion a chain of events that produces as a direct, natural and probable consequence of the act . . . the great bodily injury or death and without which the great bodily injury or death would not have occurred." ' " (*People v. Lopez* (2021) 73 Cal.App.5th 327, 333 (*Lopez*), quoting *People v. Bland* (2002) 28 Cal.4th 313, 335 (*Bland*).)

9

to rely on proximate causation, or even on multiple potential causes.[9]  As the bench notes to CALCRIM No. 3149 provide, the court has a sua sponte duty to instruct on proximate cause and on multiple potential causes only "[i]f causation is at issue."  (Bench Notes to CALCRIM No. 3149, (2006 new).)

Here there is no dispute that Watts died of a single gunshot wound,[10] and the prosecutor's theory was that Perry shot Watts during a robbery or attempted robbery.  The prosecutor argued in closing, consistent with CALCRIM No. 3149, that "[Perry], and [Perry] alone, chose to pull the trigger"; he would not "spend a lot of time on aiding and abetting" because "that[ was] not [his] theory"; and he was "not for a second suggesting that the

---

[9]  The optional bracketed language not given in CALCRIM No. 3149 included the following:

"[An act causes (great bodily injury/ [or] death) if the (injury/ [or] death) is the direct, *natural, and probable consequence* of the act and the (injury/ [or] death) would not have happened without the act.  A *natural and probable consequence* is one that a reasonable person would know is likely to happen if nothing unusual intervenes.  In deciding whether a consequence is natural and probable, consider all the circumstances established by the evidence.]

"[There may be more than one cause of (great bodily injury/ [or] death).  An act causes (injury/ [or] death) only if it is a substantial factor in causing the (injury/ [or] death).  A *substantial factor* is more than a trivial or remote factor.  However, it does not need to be the only factor that causes the (injury/ [or] death).]

"[A person is an *accomplice* if he or she is subject to prosecution for the identical crime charged against the defendant. . . .]"

[10]  We draw this fact from our prior opinion in the direct appeal.  (*Lewis*, *supra*, 11 Cal.5th at p. 972 ["Appellate opinions . . . are generally considered to be part of the record of conviction."].)  In doing so, we observe our high court's caution that "the probative value of an appellate opinion is case[-]specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' " (*Ibid.*)  Here, there is no contention that our prior opinion's summary of the autopsy evidence that Watts died of a single gunshot wound through his back is inaccurate.

defendant was anything but the shooter. . . ." (See *Jenkins*, *supra*, 70 Cal.App.5th at p. 935 [record of conviction may include closing arguments].)

Thus the jury instructions and verdicts conclusively establish the jury found there was a killing of a human being during the course of an attempted robbery and that Perry personally and intentionally fired a gun *causing* that death. In other words, the jury necessarily convicted Perry under CALCRIM No. 540A, in which Perry committed the fatal act, and not under CALCRIM No. 540B, in which an accomplice committed the fatal act. (See *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 (*Cornelius*) [jury's true finding that defendant personally and intentionally discharged a firearm causing death within meaning of section 12022.53(d) is an implicit finding defendant was " 'actual killer' "][11]; *Harden*, *supra*, 81 Cal.App.5th at p. 55 [jury's true finding that defendant personally inflicted great bodily injury on homicide victim within meaning of section 12022.7, subd. (a), necessarily means jury determined defendant was actual killer].) As the actual killer in a felony murder, Perry is ineligible for resentencing under section 1172.6 as a matter of law. (§ 189, subd. (e)(1); see *Strong*, *supra*, 13 Cal.5th at p. 710; *Harden*, at p. 53.)

In his opening brief on appeal, Perry contends the section 12022.53(d) enhancement "fail[s] to show that *when appellant fired the gun*, he possessed the requisite mental state for murder." (Italics added.) Perry does not

---

[11] The California Supreme Court granted review in *Cornelius* and held that matter for resolution of *Lewis, supra*, 11 Cal.5th 952; however, the Supreme Court subsequently dismissed the petition for review in *Cornelius*, remanded the matter, and deemed the case "non-citable and nonprecedential 'to the extent it is inconsistent with' [the] decision in *Lewis*." (*People v. Cornelius* (Oct. 27, 2021, S260410).) The trial court in *Cornelius* did not appoint counsel and denied Cornelius's petition. (*Cornelius*, *supra*, 44 Cal.App.5th at pp. 56–57.)

dispute the jury's true finding on the section 12022.53(d) enhancement conclusively establishes he fired the gun, nor does he challenge that this act resulted in Watts's death. His focus is on whether the enhancement proves he acted with malice aforethought. But this focus is misplaced.

As we have explained, the new requirement in amended section 188 that a principle in a murder can only be convicted where he acted with malice aforethought expressly does *not* apply to felony murder. (§ 188, subd. (a)(3) ["Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principle in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."]; *Curiel*, *supra*, 15 Cal.5th at p. 449 ["Senate Bill 1437 imposed a new requirement that, *except in cases of felony murder*, 'a principal in a crime shall act with malice aforethought' to be convicted of murder. (§ 188, subd. (a)(3).)" (italics added)].) "As amended by Senate Bill No. 1437, the text of section 189 provides no additional or heightened mental state requirement for the 'actual killer' prosecuted under a felony-murder theory; it requires only that '[t]he person was the actual killer.' (§ 189, subd. (e)(1).)" *(People v. Garcia* (2022) 82 Cal.App.5th 956, 967.)

For this reason, Perry's reliance on *People v. Offley* (2020) 48 Cal.App.5th 588 is unpersuasive. *Offley* was not a felony murder case. It involved the natural and probable consequences theory of murder in a case where the defendant was one of five people who participated in a gang-related shooting into an occupied vehicle that left one person dead. (*Id.* at p. 592.) After being instructed on conspiracy and liability for the natural and probable consequences of co-conspirators' crimes, the jury convicted Offley and his co-defendant of murder and found true a section 12022.53(d) allegation as to each. (*Offley*, at p. 593.) The *Offley* court concluded the

12

section 12022.53(d) finding did not "in itself preclude a petitioner from obtaining relief" because it did not establish the malice aforethought required for Offley's murder conviction.  (*Id.* at pp. 592, 597.)  As the court explained, the jury *could* have convicted Offley while still concluding that Offley acted without the intent to kill.  (*Id.* at p. 597.)  *Offley* is simply inapposite.

Because the record of conviction conclusively establishes that Perry was ineligible for section 1172.6 resentencing as a matter of law, we conclude the trial court did not commit error by denying the petition at the prima facie stage.

## DISPOSITION

We affirm the order denying the petition for resentencing.

DO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


CASTILLO, J.

13